# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7108 | **DATE** | 10/28/2011 |
| **CASE TITLE** | Gwendolyn R. Buckner vs. Village of University Park | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for appointment of counsel [4] and for leave to proceed in forma pauperis [3] are denied without prejudice.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Gwendolyn R. Buckner ("Buckner") moves to Proceed *In Forma Pauperis* without the full prepayment of filing fees and for Appointment of Counsel. For the reasons stated below, Buckner's motions are denied without prejudice.

Buckner attempts to bring a cause of action against the Village of University Park Police Department ("Village") for a violation of the Americans With Disabilities Act ("ADA"), 28 U.S.C. §12101 et seq. Buckner alleges that she sustained a work-related disability while employed as an Investigator for the Village, and was subsequently discriminated against as a result.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to proceed *in forma pauperis* if she is unable to pay the necessary court fees. Buckner need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent her from providing for life's necessities. *See Id.* According to Buckner's financial affidavit she is currently employed. Buckner indicates that she receives $2,400.00 per month in disability payments from the University Park Police Department. However, Buckner has alleged that she was terminated because of her disability, and that as a result, she has stopped receiving disability benefits. It appears that at this time Buckner is not currently employed, despite her answer on her financial affidavit. Further, Buckner does not possess more than $200 in cash, or checking or savings accounts. In addition, neither Buckner nor anyone she lives with owns any personal or real property with a current market value of more than $1,000.00. Buckner does own a car with a market value of $24,500.00, but her equity in the car is negative in the amount of $14,000.00. Thus, even though she owns a car with a substantial market value, due to her negative equity Buckner cannot derive any income from selling the car and she is not deemed to own property with a current market value of more than $1,000.00. *See, e.g., Davis v. Jerry et al.*, No 10 C 7601, 2011 WL 16827 (ND. Ill. Jan 10, 2011). Based on these facts, Buckner's financial affidavit sets forth her inability to pay the

## STATEMENT

mandated court fees.

The Court, however, must look beyond Buckner's financial status. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). When evaluating whether a plaintiff has stated a claim in the context of an application for leave to proceed *in forma pauperis*, the court applies the same standard as that for a motion to dismiss under Rule 12(b)(6). *Allen v. JP Morgan Chase*, 2010 WL 1325321 at *1 (N.D. Ill. 2010) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)).

When considering a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir.1995). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true ... 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. If the factual allegations are well-pleaded, the Court assumes their veracity and then turns to determine whether they plausibly give rise to an entitlement to relief. *Id.* A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 1949.

Buckner's complaint fails to state a claim for relief. Buckner has alleged that she was wrongfully terminated from her employment with the Village. However, Buckner's complaint, her petition to proceed *in forma pauperis*, and her supporting documents are inconsistent with her alleged cause of action. Specifically, Buckner has inconsistently indicated in her complaint and her financial affidavit that she is alternatively currently unemployed and currently employed with the Village. On her petition to proceed *in forma pauperis*, Buckner indicated that she is currently employed by the University Park Police Department, and receives $2,400.00 in monthly wages for her disability. However, a letter submitted with her complaint dated March 25, 2011 and sent by the Village states, "It has been brought to my attention that you are no longer employed with the University Park Police Department." Further, on her complaint Buckner checked the box next to, "the plaintiff was hired and is still employed by the defendant," yet she indicated the contrary in the same complaint by checking the box next to, "the defendant terminated the plaintiff's employment."

An action brought under the ADA requires that the plaintiff actually suffered an adverse action on the basis of her disability. *See* 42 U.S.C. §12112(b)(1). It is unclear from the face of Buckner's complaint and petition to proceed *in forma pauperis* whether Buckner actually suffered an adverse action. It is unclear whether Buckner was actually terminated, remains unemployed, was terminated and subsequently rehired by the Village, or was demoted to a lower-level job. Buckner's entire cause of action essentially seeks redress on the basis of her job termination. But it cannot be ascertained from the face of Buckner's complaint whether she has actually been terminated from employment. Buckner's complaint is insufficient to withstand a Rule 12(b)(6) motion to dismiss.

Therefore, this Court finds that Buckner's claims are improperly before the Court. Accordingly, the Court grants Buckner's Petition to Proceed *In Forma Pauperis* ; denies her Motion for Appointment of Counsel. Plaintiff is given 14 days ro refile her Complaint alleging, if she is able, that she was discharged due to her disability or whether she suffered some other adverse employment action due to her disability. Her failure to do

| **STATEMENT** |
|---|
| so will result in the dismissal of her case with prejudice. |